## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO.

**SOFTWARE BROKERS OF AMERICA, INC., d/b/a INTCOMEX, a Florida corporation,**

          Plaintiff,

   v.

**DOTICOM CORP., a Florida corporation; and ESTEBAN VIDELA, an individual,**

          Defendants.

### COMPLAINT

Plaintiff Software Brokers of America, Inc. d/b/a Intcomex (hereinafter, "Intcomex" or "Plaintiff"), by and through undersigned counsel, hereby sues defendants Doticom Corp. ("Doticom") and Esteban Videla ("Mr. Videla") (collectively, "Defendants"), and for its complaint alleges as follows:

### NATURE OF THE ACTION

1.     This action arises out of Defendants' blatant and willful violation of Intcomex's federally registered copyright in and to a Power Point presentation describing Intcomex's products, services and/or business practices.

2.     Additionally, this is an action seeking damages arising out of the Defendants' acts and conduct as specified herein.

## JURISDICTION AND VENUE

3.      This is a civil action seeking damages and injunctive relief for copyright infringement under the U.S. Copyright Act of 1976, 17 U.S.C. § 101, et seq. (the "Copyright Act").

4.      The Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. § 1331 and 1338(a). This Court also has supplemental jurisdiction over Intcomex's claims arising under state law under 28 U.S.C. § 1367, as those claims form part of the same case or controversy.

5.      This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of Florida and in this judicial district, and acts of infringement complained of herein occurred in the State of Florida and in this judicial district.

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because the infringement occurred in this district, and each Defendant either resides in this district or has substantial and continuous ties to this district.

## THE PARTIES

7.      Plaintiff Intcomex is a corporation organized under the laws of the State of Florida, having a principal place of business at 3505 NW 107th Avenue, Suite 1, Miami, FL 33178.

8.      Upon information and belief, Co-defendant Doticom is a corporation organized under the laws of Florida, having a principal place of business 2475 NW 95th, Suite#6, Pembroke Pines, FL 33028.

9.      Upon information and belief, Co-defendant Mr. Videla is Doticom's President, and at all times relevant exercised control over Doticom.

## FACTUAL ALLEGATIONS

*General Allegations*

10.     Upon information and belief Doticom is an IT distributor servicing Latin America retailers with the export of IT products from their headquarters in Doral, Florida.

11.     Upon information and belief, Mr. Videla is Doticom's President.

12.     Intcomex is a company, based in Miami, Florida, that provides technology products as well as networking and cloud services.

13.     On or about October 2014, Doticom requested to purchase goods from Intcomex to distribute them across Latin America.

14.     Intcomex provided such services and invoiced Doticom for said services. See **Exhibit A** – Example of a Doticom purchase order. As a material part of these orders, Defendants were required to provide payment for the goods within 60 days after shipment of the goods ("Purchase Order Terms"). *Id*. In order to pay the purchase orders Intcomex extended Doticom a line of credit. See **Exhibit B** – Line of Credit Application.[1]

15.     Additionally, from about May 5, 2015, Mr. Videla to May 5, 2016, entered into a valid independent contractor agreement (the "Independent Contractor Agreement") with Intcomex during the time in which the Independent Contractor Agreement was in place, Mr. Videla had access to internal documents belonging to Intcomex, including confidential presentations and materials which would later be used by Doticom without authorization.

*Damages Allegations*

16.     On or about March 25, 2019, in violation of the Purchase Order Terms, Doticom failed to provide the payments that were due for orders placed on or about January 24, 2019.

---

[1] Intcomex will file a Motion for Leave to file Certified Translations within the next twenty (20) days.

Consequently, Doticom accrued an outstanding debt with Intcomex that amounts to $456,657.95 plus 1.5% late payment interest rate (the "Outstanding Debt") as noted in September 16, 2019 Invoice ("Intcomex Invoice"). See **Exhibit C** – Intcomex Invoice.

17.     Doticom has breached the provisions of the Purchase Order Terms by refusing to timely pay the amounts owed to Intcomex as set forth in the Purchase Order Terms.

18.     Intcomex has performed all the conditions of the Purchase Order Terms that were required to be performed by Intcomex.

19.     As a result of Doticom's material breach of the Purchase Order Terms, Intcomex has suffered damages in the amount of no less than $456,657.95 plus late fees at the agreed upon rate.

20.     Intcomex's damages due to this breach are ongoing and will continue until Doticom provides payment to Intcomex.

*Copyright infringement allegations*

21.     Doticom's website has infringed on Intcomex's rights under the Copyright Act. In particular, and without limitation, Doticom has, without authorization, reproduced Intcomex's original content relating to a Power Point presentation entitled "Accessories sell Out Strategy" that describes Intcomex's products, services and/or business strategies (the "Intcomex Works").

22.     By doing so, Doticom has reproduced, adapted, publicly displayed and distributed the Intcomex Works without authorization. An image of Doticom's website, depicting Doticom's unauthorized use of the Intcomex Works, is reproduced below next to an image of the Intcomex Works that is being copied and infringed by Defendants:



23.     Upon information and belief, Mr. Videla, during his time as an independent contractor of Intcomex, had access to and knowledge of the Intcomex Works. Accordingly, Defendants are jointly and severally liable for all infringements of the copyright in and to the Intcomex Works involved in this action.

24.     On September 20, 2019, Intcomex, through undersigned counsel, sent Defendants a cease and desist letter (the "Letter") requesting, *inter alia*, that Defendants cease and desist any unauthorized use of the Intcomex Works and notifying Defendants of the Outstanding Debt. A copy of the Letter is attached to this Complaint as **Exhibit D** – The Letter.

25.     On November 14, 2019, Intcomex registered the copyright in and to the Intcomex Works on the United State Copyright Office and obtained Certificate of Registration No. TX 8-801-580. A copy of the registration is attached to this Complaint as **Exhibit E** and a copy of the Intcomex Works is attached as **Exhibit F**. Accordingly, Intcomex is the owner of a valid copyright in and to the Intcomex Works.

## COUNT I
## OPEN ACCOUNT

26.     Intcomex realleges and incorporates by reference the allegations set forth in paragraphs 1-25.

27.     Doticom requested to purchase goods from Intcomex.

28.     Intcomex provided the services requested.

29.     Doticom accrued an outstanding debt with Intcomex that amounts to $456,657.95 plus 1.5% late payment interest rate as noted in the Intcomex Invoice, which was issued to Defendants on September 16, 2019. See **Exhibit C**.

30.     Doticom has not paid the Intcomex Invoice and, as such, owes $456,657.95 plus 1.5% late payment interest rate to Intcomex.

31.     WHEREFORE, Intcomex demands judgment for damages against the Defendant, Doticom, plus interest, costs and such other relief as the Court deems proper.

## COUNT II
## ACCOUNT STATED

32.     Intcomex realleges and incorporates by reference the allegations set forth in paragraphs 1-31.

33.     Before the institution of this action, Intcomex and Doticom had business transactions between them and had agreed to the resulting balance.

34.     Intcomex rendered statements of it to Doticom, which subsequently approved the statements and did not object to any of the statements.

35.     Doticom has not paid the Intcomex Invoice and, as such, owes $456,657.95 plus 1.5% late payment interest rate to Intcomex.

36.     WHEREFORE, Intcomex demands judgment for damages against the Defendant, Doticom, plus interest, costs and such other relief as the Court deems proper.

**COUNT III**
**INFRINGEMENT OF INTCOMEX'S COPYRIGHT**

37.     Intcomex realleges and incorporates by reference the allegations set forth in paragraphs 1 to 36.

38.      In violation of 17 U.S.C. § 106, Defendants are now, and have been directly infringing the Intcomex Works, which are identical to or substantially similar, and based upon and copied from the Intcomex Works.

39.     Defendants have had knowledge of infringement of the Intcomex Works at least as of September 20, 2019, which is the date in which Defendants received the Letter.

40.     Upon information and belief, Defendants also own and operate Doticom's website.

41.     Defendants have infringed the Intcomex Works by reproducing the same on their website ("Infringing Work"), as shown on **Exhibit G -** Doticom's unauthorized use of the Intcomex Works.  By doing so, Defendants have reproduced, adapted, publicly displayed and distributed the Intcomex Works without authorization.

42.     The Infringing Work is identical to, and/or substantially similar to, the Intcomex Works copying the original and creative features of the Intcomex Works, as also shown on **Exhibit H**.

43.     Upon information and belief, Mr. Videla, during his time as an independent contractor of Intcomex, had access to and knowledge of the Intcomex Works, and copied or appropriated the same for reproduction through the Doticom website.

44.     Upon information and belief, Defendants' aforesaid acts were deliberate, willful, and intentional violations of Intcomex's rights, and were done knowingly without the authorization of Intcomex and involved the copying of the Intcomex Works with full knowledge of Intcomex's rights thereunder.

45.     Defendants' aforesaid acts have caused and will continue to cause substantial and irreparable injury to Intcomex unless such acts are restrained by this Court.

46.     Intcomex has no adequate remedy at law.

47.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement as alleged herein. As such, Intcomex is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement in an amount to be established at trial.

## DEMAND FOR JURY TRIAL

48.     Intcomex demands a trial by jury of any and all causes of action.


## PRAYER FOR RELIEF

WHEREFORE, Intcomex prays for the following relief:

a)      That this Court will adjudge that the copyright in and to the Intcomex Works is valid, owned by Intcomex and has been infringed as a direct and proximate result of the acts of Defendants as set forth in this Complaint, in violation of Intcomex's rights under the Copyright Act of 1976, 17 U.S.C. §101 et seq.;

b)      That Defendants, and all officers, directors, agents, servants, employees and all persons in active concert or participation therewith, be permanently enjoined and restrained:

      i.    From infringing the Intcomex Works;

     ii.    From reproducing, distributing, or otherwise using the Intcomex Works and any substantially similar or derivative works, and any other works found infringing; and

    iii.    From otherwise infringing any copyright owned by Intcomex.

c)    That Defendants' products and materials that infringe Intcomex's copyright, as well as any other articles that contain or embody copies of the Intcomex Works, be impounded pursuant to 17 U.S.C. §. 503(a);

d)    That Defendants' products and materials that infringe Intcomex's copyright, as well as any other articles that contain or embody copies of the Intcomex Works, be destroyed pursuant to 17 U.S.C. §. 503(b);

e)    That Defendants be directed to file with this Court and to serve upon Intcomex within thirty (30) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraphs b) through d).

f)    That Intcomex recover Defendants' profits and the damages of Intcomex arising from Defendants' acts involving copyright infringement, or, in the alternative and upon timely request, statutory damages pursuant to 17 U.S.C. §504(c), including enhanced statutory damages for willful infringement;

g)    That Defendants be ordered to pay to Intcomex pre-judgment and post-judgment interest on all applicable damages;

h)    That Intcomex have and recover its taxable costs and disbursements incurred in this;

i)      That the Court enter judgment affirming that Doticom has not paid the Intcomex Invoice and, as such, owes $456,657.95 plus 1.5% late payment interest rate to Intcomex; in addition to, interest, costs, expenses and attorneys' fees as available to the Intcomex; and

j)      That Intcomex have such other and further relief as this Court may deem just and proper.

Dated: June 10, 2020                          Respectfully Submitted,

                                              s/ Juan Carlos Antorcha
                                              Juan Carlos Antorcha, Esq.
                                              Fla. Bar No.: 0523305
                                              Email: jantorcha@rascoklock.com
                                              **RASCO KLOCK PEREZ & NIETO, P.L.**
                                              2555 Ponce de Leon Blvd., Suite 600
                                              Coral Gables, Florida 33134
                                              Telephone: 305.476.7101
                                              Facsimile: 305.476.7102

                                              *ATTORNEYS FOR PLAINTIFF*
                                              *SOFTWARE BROKERS OF AMERICA,*
                                              *INC., d/b/a INTCOMEX*

                                              AND OF COUNSEL

                                              s/ Jean G. Vidal Font
                                              Jean G. Vidal Font*
                                              USDC No. 227811
                                              Email: jvidal@ferraiuoli.com
                                              **Ferraiuoli LLC**
                                              221 Plaza, 5th Floor
                                              221 Ponce de León Avenue
                                              San Juan, PR 00917
                                              Telephone: (787) 766-7000
                                              Facsimile: (787) 766-7001

                                              *ATTORNEYS FOR PLAINTIFF*
                                              *SOFTWARE BROKERS OF AMERICA,*
                                              *INC., d/b/a INTCOMEX*

                                              ***\*Pro Hac Vice Motion to be Filed***

10